United States District Court
Southern District of Texas
**ENTERED**
April 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN GANNON, INC.,                   §
                                     §
            Plaintiff,               §
                                     §
v.                                   §
                                     §
TEXAS DEPARTMENT OF                  §
TRANSPORTATION, TEXAS                §    CIVIL ACTION NO. H-21-3190
TRANSPORTATION COMMISSION,           §
and MARC D. WILLIAMS,                §
in his official capacity as          §
Executive Director of the            §
Texas Transportation                 §
Commission,                          §
                                     §
            Defendants.              §

### MEMORANDUM OPINION AND ORDER

This action concerns billboards owned by John Gannon, Inc. ("Plaintiff") and permitted by the Texas Department of Transportation ("TxDOT") and penalties imposed by TxDOT for noncompliance with Texas billboard regulations. Following proceedings before TxDOT and after TxDOT sought dismissal of Plaintiff's state court action appealing the administrative judgment, Plaintiff brought this action against TxDOT, the Texas Transportation Commission ("TTC"), and Marc D. Williams, in his official capacity as Executive Director of the TTC (collectively, "Defendants"). Plaintiff alleges claims under § 1983 (including claims based on the First Amendment and Constitutional tolling), claims for declaratory judgment, and requests for injunctive relief. Pending before the court is Defendants' Amended Motion to

Dismiss Plaintiff's Original Complaint Under Rule 12 ("Defendants' Amended Motion to Dismiss") (Docket Entry No. 44).  For the reasons stated below, Defendants' Amended Motion to Dismiss will be granted, and this action will be dismissed without prejudice in part and dismissed with prejudice in part.

## I.  **Background**

Texas regulates billboards adjacent to highways.  43 Tex. Admin. Code § 21.141, et seq.  Regulated aspects include dimensions and distance from ramps.  Id. §§ 21.176(a), 21.179(a)(2).  TxDOT may cancel erroneously issued permits and permits for billboards that fall out of compliance.  Id. §§ 21.174(a)(1), (b).  TxDOT may also impose daily penalties for violations.  Id. § 21.191.  A procedure exists for permit cancellation and administrative penalties, including a notice of cancellation or notice of administrative penalties, a hearing before a TxDOT administrative law judge ("ALJ"), an ALJ proposed decision, and a TTC decision. See id. §§ 21.174(d), (f), (g), 1.36(a), 1.37(a).

Over the years TxDOT has issued permits to Plaintiff for various billboards.  In 2018 and 2019 TxDOT sent Plaintiff notices of cancellation for four billboard permits — Permit 17-00196 ("the Lampasas Billboard"), Permit HBA-26375 ("the Fayette Billboard"), Permit 17-00317 ("the Jackson Billboard"), and Permit HBA-25622 ("the Montgomery Billboard").[1]  Plaintiff requested and received

---

[1]Complaint, Docket Entry No. 1, p. 3 ¶ 12, p. 4 ¶ 14, p. 5 ¶ 16, p. 8 ¶ 24.  All page numbers reference the pagination
(continued...)

an administrative hearing to contest the permit cancellations.[2]
During the administrative action, TxDOT sent Plaintiff notices of
administrative penalties for the four billboards and amended its
administrative complaint to include the penalties.[3]  Before the
administrative hearing TxDOT dismissed its claims for cancellation
of the permits for the Lampasas, Fayette, and Jackson Billboard
permits but not its claims for cancellation of the Montgomery
Billboard permit or its claims for administrative penalties.[4]

The ALJ concluded in a proposed decision that the Montgomery
Billboard permit should be canceled and that Plaintiff was liable
for $235,500 in administrative penalties.[5]  TTC adopted the ALJ's
decision.[6]

An aggrieved person may file a petition for judicial review of
a TTC decision within 30 days.  Tex. Gov't Code § 2001.176(a).
Plaintiff filed a petition in state court challenging the TTC's
decision.  Plaintiff challenged the TTC's violation findings and

_____

[1](...continued)
imprinted at the top of the page by the court's Electronic Case
Filing system.

[2]Id. at 11-12 ¶¶ 34, 36; see id. at 15 ¶ 43.

[3]Id. at 12-14 ¶¶ 37-39.  Plaintiff alleges that the penalties
in TxDOT's administrative complaint were higher than those stated
in the notices of administrative penalties.  Id. at 13 ¶ 39.

[4]Id. at 15 ¶ 43.

[5]Id. ¶ 44.

[6]Id.

the imposition of penalties on numerous grounds.[7]   Plaintiff argued, <u>inter alia,</u> that Texas law barred the accrual of penalties prior to a TTC cancellation decision.[8]   Plaintiff's Petition was dismissed as untimely.[9]

Plaintiff filed this action on September 30, 2021.[10]   Plaintiff alleges five claims under 42 U.S.C § 1983, arguing that the administrative penalties violated its rights under state law, the doctrine of Constitutional tolling, and the First Amendment.[11] Plaintiff argues that Constitutional tolling prohibits TxDOT's assessment of penalties for noncompliance during its administrative challenge.[12]   Plaintiff argues that the threat of administrative penalties is an unconstitutional "prior restraint" on speech that

---

[7]<u>See</u> John Gannon, Inc.'s Petition for Judicial Review, Exhibit 2 to Defendants' Motion to Dismiss Plaintiff's Original Complaint Under Rule 12 ("Defendants' Original Motion to Dismiss"), Docket Entry No. 8-2, p. 5 ¶ 13, pp. 34-35 ¶¶ 62, 63.

[8]<u>Id.</u> at 46 ¶ 82.

[9]Order Granting Defendant's Motion to Dismiss, Exhibit 1 to Defendants' Final Status Report of the State Court Action ("Defendants' Final Status Report"), Docket Entry No. 40-1, p. 2. The Court of Appeals affirmed the dismissal. <u>John Gannon, Inc. v. Texas Dep't of Transportation,</u> No. 01-22-00762-CV, 2024 WL 1513875, at *7 (Tex. App.—Houston [1st Dist.] Apr. 9, 2024), Opinion, Docket Entry No. 44, pp. 26, 31.   And the Texas Supreme Court denied Plaintiff's petition for review, Exhibit 3 to Defendants' Final Status Report, Docket Entry No. 40-3.

[10]Plaintiff's Original Complaint ("Complaint"), Docket Entry No. 1.

[11]<u>Id.</u> at 16-24.

[12]<u>Id.</u> at 20-22 ¶¶ 57-60.

-4-

violates the First Amendment.[13]  Plaintiff seeks declaratory judgment "regarding the validity or applicability of the rules TxDOT applied in its attempts to cancel [the Montgomery Billboard permit] or impose administrative penalties[.]"[14] Lastly, Plaintiff requests preliminary and permanent injunctions preventing removal of the Montgomery Billboard and enforcement of the administrative penalties.[15]

The court stayed the action during the pendency of Plaintiff's state court action.[16]  Following the conclusion of the state court action, the court vacated the stay.[17]  Defendants filed their Amended Motion to Dismiss, Plaintiff responded, and Defendants replied.[18]

Defendants argue that the court lacks subject matter jurisdiction because Plaintiff's claims are barred by Eleventh Amendment immunity.[19]  Plaintiff responds that Defendants are not

---

[13]Id. at 22-24 ¶¶ 61-65.

[14]Id. at 24 ¶ 67.

[15]Id. at 25-26 ¶¶ 68-76.

[16]Order, Docket Entry No. 23, p. 1.

[17]Order, Docket Entry No. 41.

[18]Defendants' Amended Motion to Dismiss, Docket Entry No. 44; Plaintiff's Response in Opposition to Defendants' Amended Motion to Dismiss Plaintiff's Original Complaint Under Rule 12 ("Plaintiff's Response"), Docket Entry No. 48; Defendants' Reply Brief in Support of the Amended Motion to Dismiss Plaintiff's Original Complaint Under Rule 12, Docket Entry No. 49.

[19]Defendants' Amended Motion to Dismiss, Docket Entry No. 44, p. 11, pp. 13-16 ¶ I.A.

immune from suit "because [Plaintiff] has alleged ongoing violations of [Plaintiff]'s constitutional rights and seeks prospective equitable and declaratory relief."[20]

Defendants argue that there is no federal question jurisdiction over Plaintiff's state law claims and that the court should decline to exercise supplemental jurisdiction over those claims.[21] Plaintiff responds that the court has federal question jurisdiction over its First Amendment claim and that the court should exercise supplemental jurisdiction over its state law claims.[22]

Defendants argue that two of Plaintiff's claims — those for declaratory relief regarding the validity of certain TxDOT rules — are moot because the rules in question have been repealed, amended, and replaced.[23] Plaintiff responds that the validity of the old rules is not moot because TxDOT's permit cancellation and administrative penalties against Plaintiff are based on the old rules.[24]

Defendants argue that Plaintiff's claims are barred by <u>res judicata</u> because Plaintiff's state court action ended in a final

---

[20]Plaintiff's Response, Docket Entry No. 48, p. 16.

[21]Defendants' Amended Motion to Dismiss, Docket Entry No. 44, p. 12.

[22]Plaintiff's Response, Docket Entry No. 48, p. 23.

[23]Defendants' Amended Motion to Dismiss, Docket Entry No. 44, p. 17.

[24]Plaintiff's Response, Docket Entry No. 48, pp. 23-24 ¶ A.iv.

-6-

judgment on the merits, because the parties in both actions are the same or in privity, and because the actions are based on the same operative facts.[25]   Plaintiff responds that the parties are not the same — specifically that Plaintiff named TTC and Williams as defendants in this action but not in the state court action.[26] Plaintiff also argues that the claims involved in the two actions are different because the state courts did not address its constitutional claims raised in this action.[27]

Lastly, Defendants argue that Plaintiff fails to state a First Amendment prior-restraint claim because TxDOT's administrative penalties are not a prior restraint on speech.[28]   Plaintiff responds that the threat of enormous penalties can be a prior restraint because it chills speech before it is communicated.[29]

## II.  **Legal Standards**

### A.   **Subject Matter Jurisdiction**

#### 1.   Eleventh Amendment Immunity

The Eleventh Amendment states that "[t]he Judicial power of the United States [does not] extend to any suit in law or equity,

---

[25]Defendants' Amended Motion to Dismiss, Docket Entry No. 44, pp. 19-21.

[26]Plaintiff's Response, Docket Entry No. 48, p. 26.

[27]Id. at 26-27.

[28]Defendants' Amended Motion to Dismiss, Docket Entry No. 44, pp. 21-23.

[29]Plaintiff's Response, Docket Entry No. 48, pp. 27-29.

commenced or prosecuted against one of the United States by Citizens of another State[.]" U.S. Const. amend. XI. The Eleventh Amendment also applies to a suit by a citizen against his own state. Pennhurst State School & Hospital v. Halderman, 104 S. Ct. 900, 906 (1984) (citing Hans v. Louisiana, 10 S. Ct. 504, 507 (1890)).

"State sovereign immunity protects not only states from suit in federal court, but also 'arms of the state.'" United States Oil Recovery Site Potentially Responsible Parties Group v. Railroad Commission of Texas, 898 F.3d 497, 501 (5th Cir. 2018). TxDOT and TTC are arms of the state protected by sovereign immunity. Id. (TxDOT); Ware v. United States Federal Highway Administration, No. Civ.A. H-04-2295, 2005 WL 2416667, at *5 (S.D. Tex. Sept. 30, 2005), aff'd, 255 F. App'x 838 (5th Cir. 2007) (TTC). Moreover, "Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself." McKinley v. Abbott, 643 F.3d 403, 406 (5th Cir. 2011).

The Supreme Court articulated an exception to Eleventh Amendment immunity in Ex parte Young, 28 S. Ct. 441, 443-444 (1908). The Young exception "allows private parties to bring 'suits for injunctive or declaratory relief against individual state officials acting in violation of federal law.'" City of Austin v. Paxton, 943 F.3d 993, 997 (5th Cir. 2019). "For Young to apply, three criteria must be satisfied: (1) A 'plaintiff must

-8-

name individual state officials as defendants in their official capacities,' . . . (2) the plaintiff must 'allege[ ] an ongoing violation of federal law,' . . . and (3) the relief sought must be 'properly characterized as prospective[.]'" <u>Green Valley Special Utility District v. City of Schertz, Texas,</u> 969 F.3d 460, 471 (5th Cir. 2020) (internal citations omitted). "'In discerning [whether relief is prospective], we look to the substance rather than to the form of the relief sought and will be guided by the policies underlying ... <u>Young.</u>'" <u>Id.</u> "'Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law[,] ... [b]ut compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.'" <u>Id.</u>

   2.   <u>Section 1983</u>

   Title 42 U.S.C. § 1983 states that "[e]very person who, under color of [state law] subjects . . . any . . . other person . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable . . . in an action at law, suit in equity, or other proper proceeding for redress[.]" "Claims under § 1983 may be brought against persons in their individual or official capacity, or against a governmental entity." <u>Goodman v. Harris County,</u> 571 F.3d 388, 395 (5th Cir. 2009). States and their officials sued in their official capacity <u>for damages</u> are not "persons" for purposes of § 1983, but an official sued in his

-9-

official capacity <u>for prospective relief</u> is a § 1983 "person."
<u>Compare Stauffer v. Gearhart,</u> 741 F.3d 574, 583 ´(5th Cir. 2014)
<u>with Will v. Michigan Department of State Police,</u> 109 S. Ct. 2304,
2312 n.10 (1989).   Because Congress did not intend § 1983 to
abrogate states' Eleventh Amendment immunity, a § 1983 suit must
satisfy the requirements of the <u>Young</u> exception.   <u>United States v.
Abbott,</u> 85 F.4th 328, 333 n.2 (5th Cir. 2023).

### 3.   Federal Question Jurisdiction

Federal district courts have original jurisdiction over "all
civil actions arising under the Constitution, laws, or treaties of
the United States."   28 U.S.C. § 1331.   Generally, "a complaint
creates federal question jurisdiction when it states a claim
created by the Constitution or laws of the United States."   <u>Howery
v. Allstate Insurance Co.,</u> 243 F.3d 912, 917 (5th Cir. 2001).

## B.   **Mootness**

"'A moot case presents no Article III case or controversy, and
a court has no constitutional jurisdiction to resolve the issue it
presents.'"   <u>Aguilar-Quintanilla v. McHenry,</u> 126 F.4th 1065, 1068
(5th Cir. 2025).   "'A case is moot when the issues presented are no
longer "live" or the parties lack a legally cognizable interest in
the outcome.'"   <u>City of Erie v. Pap's A.M.,</u> 120 S. Ct. 1382, 1390
(2000) (quoting <u>County of Los Angeles v. Davis,</u> 99 S. Ct. 1379,
1383 (1979)).   "The underlying concern is that, when the challenged

conduct ceases such that there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever to [the] prevailing party." Id. (quoting United States v. W.T. Grant Co., 73 S. Ct. 894 (1953), and Church of Scientology of California v. United States, 113 S. Ct. 447, 449 (1992)) (internal quotation marks omitted). "In that case, any opinion as to the legality of the challenged action would be advisory." Id. But as "'long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.'" Knox v. Service Employees International Union, Local 1000, 132 S. Ct. 2277, 2287 (2012) (quoting Ellis v. Railway Clerks, 104 S. Ct. 1883, 1889 (1984)).

## C.   Res Judicata

"When determining the impact of a state court judgment, federal courts apply the res judicata law of that state." Bodle v. TXL Mortgage Corp., 788 F.3d 159, 165 (5th Cir. 2015); see also Parsons Steel, Inc. v. First Alabama Bank, 106 S. Ct. 768, 772 (1986). "'Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit.'" Bodle, 788 F.3d at 165 (quoting Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992)). The elements of res judicata are "(1) a prior final judgment on the merits by a court of competent

-11-

jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." McKnight v. American Mercury Insurance Co., 268 S.W.3d 793, 798 (Tex. App.—Texarkana 2008).   In determining whether a second action is based on the same claims as a first action, Texas courts follow the "'transactional' approach[.]" See Barr, 837 S.W.2d at 631.   Claims should have been brought together if the facts supporting the claims constitute a single transaction or occurrence.   "[F]actors to consider in determining whether facts constitute a single 'transaction' are 'their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes.'" Getty Oil Co. v. Insurance Co. of North America, 845 S.W.2d 794, 799 (Tex. 1992) (quoting Restatement (Second) of Judgments § 24 cmt. b (1980)).   Res judicata applies to federal claims raised in a prior state court action.   See Simmons v. Trans Express Inc., 16 F.4th 357, 362 (2d Cir. 2021).

### III.   Analysis

**A.   Subject Matter Jurisdiction**

  1.   Eleventh Amendment Immunity

Defendants argue that many of Plaintiff's claims are barred by Eleventh Amendment Immunity.   TxDOT and TTC (as arms of the state) and Williams (as a state official sued in his official capacity) are generally protected from suit by Eleventh Amendment immunity. Railroad Commission of Texas, 898 F.3d at 501; McKinley, 643 F.3d

-12-

at 406. Plaintiff responds that its claims are permitted by the
<u>Young</u> exception. Defendants argue that the <u>Young</u> exception does
not apply to violations of state law rights and does not apply
unless the requested relief is prospective.

Three of Plaintiff's § 1983 claims:

**V.A. 43 TEX. ADMIN. CODE § 21.204 DOES NOT PROVIDE THE
AUTHORITY TO ASSESS AN ADMINISTRATIVE PENALTY IN
ANY AMOUNT.**

**V.B. ADMINISTRATIVE PENALTIES WERE NOT PERMITTED BECAUSE
THE PERMIT CANCELLATIONS WERE ABATED PURSUANT TO 43
TEX. ADMIN. CODE § 21.176.**

**V.C. ADMINISTRATIVE PENALTIES WERE ABATED PURSUANT TO 43
TEX. ADMIN. CODE § 21.204(f).**

are explicitly based on alleged violations of state law and do not
reference any federal rights.[30] These claims therefore do not fall
within the <u>Young</u> exception, which only applies to ongoing
violations of <u>federal</u> rights. <u>Green Valley Special Utility</u>
<u>District,</u> 969 F.3d at 471. The same defect applies to part of
Plaintiff's request for declaratory judgment. Plaintiff requests
a determination "regarding the validity or applicability of the
rules TxDOT applied in its attempts to cancel Permit 25622 or
impose administrative penalties. . . ."[31] The "applicability" of
these TxDOT rules against Plaintiff is a question of state law, and

_____

[30]Complaint, Docket Entry No. 1, pp. 16-20. For the same
reason, these claims are also not cognizable under § 1983, which
only creates a cause of action for violations of federal rights.
<u>See</u> 42 U.S.C. § 1983.

[31]<u>Id.</u> at 24 ¶ 67.

-13-

Plaintiff does not explain how misapplication of state law amounts to a federal rights violation. Moreover, the Eleventh Amendment bars Plaintiff's declaratory challenge to the "validity" of the TxDOT rules except for claims that the rules violate its federal rights.[32]

Plaintiff's two other § 1983 claims — its First Amendment claim in part V.E. of its Complaint and its "Constitutional tolling" claim in part V.D. of its Complaint — allege violations of federal rights. They involve allegedly ongoing violations since Defendants have yet to enforce the judgment for penalties or to remove the now-unpermitted billboard. Some of Plaintiff's requested relief — a declaration that TxDOT's rules are invalid under federal law and an injunction barring removal of the billboard or enforcement of the penalties — is prospective. Other relief — an award of damages, costs, and attorneys' fees — is not.[33] Plaintiff's only claims that are not barred by Eleventh Amendment immunity are its First Amendment and Constitutional tolling claims, and the only relief that is not barred is Plaintiff's requests for declaratory and injunctive relief based on those two claims. Because the Eleventh Amendment deprives the court of subject matter jurisdiction over all other claims, they will be dismissed without prejudice.

---

[32]In other words, the Eleventh Amendment bars Plaintiff's request for declarations that the TxDOT rules are invalid under state law.

[33]Complaint, Docket Entry No. 1, p. 26 ¶¶ b-c.

-14-

2.   Federal Question Jurisdiction

Plaintiff's First Amendment and Constitutional tolling claims are brought under § 1983. The court therefore has federal question jurisdiction over them. See Google, Inc. v. Hood, 822 F.3d 212, 221 (5th Cir. 2016).

**B.   Mootness**

Defendants argue that Plaintiff's declaratory judgment requests regarding the validity of TxDOT's rules are moot because it has repealed or amended the rules challenged by Plaintiff.[34] Regardless of the subsequent history of the relevant TxDOT rules, Plaintiff seeks relief from the cancellation and penalties assessed pursuant to the past rules. Whether the rules were inconsistent with the First Amendment or other Constitutional provisions is relevant to whether Plaintiff is entitled to relief. Because the parties have a "'concrete interest . . . in the outcome'" of Plaintiff's declaratory judgment claims, they are not moot. Knox, 132 S. Ct. at 2287.

**C.   Res Judicata**

Texas Government Code § 2001.171 establishes a limited waiver of sovereign immunity for parties aggrieved by a final decision in a Texas administrative proceeding. A petition for judicial review of an administrative decision must be filed "not later than the

---

[34]Defendants' Amended Motion to Dismiss, Docket Entry No. 44, p. 17.

-15-

30th day after the date the decision . . . is final and appealable." Tex. Gov't Code § 2001.176(a). "Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't Code § 311.034. Texas courts have held that a plaintiff must meet the 30-day filing deadline for the § 2001.171 immunity waiver to apply. Gonzalez v. Texas Medical Board, No. 03-22-00205-CV, 2023 WL 7134982, at *6 (Tex. App. Oct. 31, 2023). Because Plaintiff's state court action was untimely, it was dismissed for lack of jurisdiction. As the Court of Appeals' decision in this case explained,

> The Texas Supreme Court determined that statutory prerequisites to suit (such as timely filing a lawsuit) are jurisdictional when a defendant is a governmental entity. Prairie View A&M Univ. v. Chatha, 381 S.W.3d 500, 515 (Tex. 2012); see also Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity."); City of Madisonville v. Sims, 620 S.W.3d 375, 380 (Tex. 2020) (per curiam) (concluding that because plaintiff failed to timely file suit against city under Whistleblower Act, "he failed to satisfy a jurisdictional statutory prerequisite to suit").

John Gannon, Inc., No. 01-22-00762-CV, 2024 WL 1513875, at *4. "[U]nder Texas law, a dismissal based on governmental immunity constitutes a final judgment on the merits for purposes of res judicata." Harmon v. Dallas County, Texas, 927 F.3d 884, 890 (5th Cir. 2019), as revised (July 9, 2019). Defendants have therefore satisfied the first element of Texas res judicata — a prior action that ended in a final judgment on the merits. See McKnight, 268 S.W.3d at 798.

-16-

The parties are not identical because TTC and Williams were not defendants in the state action. But Defendants argue that TTC and Williams were in privity with TxDOT. "There are at least three ways in which parties can be in privity under Texas law: '(1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action.'" E.E.O.C. v. Jefferson Dental Clinics, PA, 478 F.3d 690, 694 (5th Cir. 2007) (citing Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 653 (Tex. 1996)). Because TTC oversees TxDOT and because Williams (in his official capacity) serves TTC, their interests could be represented by TxDOT in the state court action. See Tex. Transp. Code §§ 201.201, 201.301(b). Defendants have therefore shown that the parties in both actions are the same or are in privity.

Plaintiff argues that its claims are different from those brought in the state court action. But the relevant question is whether the claims are based on the same operative facts. See Getty Oil, 845 S.W.2d at 799. Plaintiff's First Amendment claim is based on the threat and imposition of administrative penalties, which it challenged on numerous other grounds in its state court action. Plaintiff's Constitutional tolling claim attacks the timing of the penalty accrual, which it also challenged in its prior action on state law grounds. Although Plaintiff states that the TxDOT ALJ disclaimed authority to resolve

-17-

Constitutional claims,[35] there was no obstacle to raising them in the state court action. Plaintiff's First Amendment and Constitutional tolling claims could have been raised in its state court action.

Because Plaintiff's state court action ended in a final judgment on the merits, because the parties in both actions are the same or in privity, and because Plaintiff's First Amendment and Constitutional claims should have been brought in its state court action, the claims are barred by res judicata. See McKnight, 268 S.W.3d at 798.

## IV. Conclusion and Order

For the reasons stated in Part III.A.1. above, Plaintiff's § 1983 claims in parts V.A., V.B., and V.C. of the Complaint and its requests for declaratory relief based on state law do not allege violations of federal rights. Moreover, the relief in paragraphs a, b, and c of the Complaint's Prayer are not prospective.[36] Because these claims and requested relief do not satisfy the Young exception, the court lacks subject matter jurisdiction over them. The court has subject matter jurisdiction over Plaintiff's First Amendment and Constitutional tolling claims (stated in parts V.D. and V.E. of the Complaint) along with Plaintiff's requests for declaratory and injunctive relief based on

---

[35]Complaint, Docket Entry No. 1, p. 15 ¶ 42.

[36]Id. at 26.

-18-

those claims (stated in paragraphs d and e of the Complaint's
Prayer).  But as stated in part III.C. above, because those claims
are based on the same facts as the claims in Plaintiff's state
court action, they are barred by res judicata.  Defendants' Motion
to Dismiss Plaintiff's Original Complaint Under Rule 12 (Docket
Entry No. 44) is therefore **GRANTED**.  This action will be dismissed
without prejudice in part and dismissed with prejudice in part.

In its Response, Plaintiff "requests the Court's leave to
amend [its] Original Complaint" "[i]f the court is inclined to
grant Defendants' Amended Motion[.]"[37]  Federal Rule of Civil
Procedure 15(a)(2) states that "[t]he court should freely give
leave [to amend] when justice so requires."  "Although Rule 15
'evinces a bias in favor of granting leave to amend,' it is not
automatic."  Matter of Southmark Corp., 88 F.3d 311, 314 (5th Cir.
1996), cert. denied, 117 S. Ct. 686 (1997) (quoting Wimm v. Jack
Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993)).  "Movants must
'give the court at least some notice' of what the amendments would
be and how those amendments would 'cure the initial complaint's
defects.'"  Nix v. Major League Baseball, 62 F.4th 920, 935 (5th
Cir. 2023) (quoting Scott v. U.S. Bank National Association, 16
F.4th 1204, 1209 (5th Cir. 2021) (per curiam), as revised (Nov. 26,
2021)).  "Thus, a court may deny leave where 'the plaintiff does
not provide a copy of the amended complaint nor explain how the
defects could be cured.'"  Id.  Plaintiff offers no explanation of

---

[37]Plaintiff's Response, Docket Entry No. 48, p. 29.

how it could cure the defects identified by Defendants. Moreover, because Plaintiff's First Amendment and Constitutional tolling claim are barred by <u>res judicata,</u> amendment would be futile. <u>See</u> <u>Nguyen v. Nguyen,</u> Civil No. 4:20-CV-120-Y, 2021 WL 1918780, at *4 (N.D. Tex. Apr. 6, 2021), <u>aff'd,</u> No. 21-11114, 2022 WL 671462 (5th Cir. Mar. 7, 2022). Plaintiff's request for leave to amend is **DENIED**.

**SIGNED** at Houston, Texas, on this 23rd day of April, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE